UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, A/S/O THOMAS STOCKMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BROAN-NUTONE, LLC,<br><br>    Defendant. | CIVIL ACTION NO. 08-1025 (MLC)<br><br>**MEMORANDUM OPINION** |

**THE COURT** ordering Liberty Mutual Fire Insurance Company ("LMFIC") to show cause why the complaint should not be dismissed, without prejudice to recommence the action in state court, for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 5, Order to Show Cause ("OTSC")); and the Court examining jurisdiction sua sponte in this action (1) brought on February 27, 2008, (2) by LMFIC, as subrogee of its insured, Thomas Stockman, (3) against the defendant, Broan-NuTone, LLC ("BNLLC"), and (4) to recover damages arising from a fire (dkt. entry no. 1, Compl.), see Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction is lacking); and LMFIC (1) asserting jurisdiction under Section 1332, and (2) bearing the burden of demonstrating jurisdiction (Compl., at 2), see Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007); and

**THE COURT** advising LMFIC in the Order to Show Cause that LMFIC (1) improperly alleged its own citizenship and BNLLC's citizenship, and providing the reasons therein (OTSC, at 1-3), and (2) may be required to allege Stockman's citizenship, and providing the reasons therein (id. at 2); and the Court further advising LMFIC that, due to LMFIC's deficient and questionable allegations, the Court (1) was unable to determine if LMFIC and — if applicable — Stockman are each deemed a "citizen[] of [a] different State[]" in relation to BNLLC, 28 U.S.C. § 1332(a)(1) (OTSC, at 3), and (2) intended to dismiss the complaint for lack of jurisdiction unless LMFIC properly alleged the citizenship of each necessary party (id. at 3-4); and the Court further explaining the proper manner in which to allege citizenship (id. at 4-5); and the Court further advising that a dismissal here would be without prejudice to recommence the action in state court (id. at 5); and

**LMFIC**, in response, stating that its allegations:

> were formed after an inquiry reasonable under the circumstances. LMFIC intended to file the action in state court, but during pre-suit discussions with BNLLC's counsel learned that BNLLC would seek removal of any action on the basis of diversity. LMFIC will recommence its action in state court, subject to the Court's anticipated ruling

(dkt. entry no. 7, LMFIC's Response, at 2); and thus the Court intending to (1) grant the order to show cause, and (2) dismiss

the complaint without prejudice to recommence the action in state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                       s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge

**Dated:** March 27, 2008